UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRIS PETRI, YI LU LU, KEITH PETRI, LISA PETRI, and KEITH KOTCHE<br><br>Plaintiffs,<br><br>v.<br><br>GEACOM, INC., MAT JOHNSON, and RALPH RAMANO<br><br>Defendants. | Case No. 1:17-cv-2579 |

**DEFENDANTS GEACOM, INC., MAT JOHNSON,
AND RALPH ROMANO'S NOTICE OF REMOVAL**

Defendants GeaCom, Inc., Mat Johnson, and Ralph Romano (incorrectly named as "Ralph Ramano"), hereby remove this civil action from the Circuit Court of the Sixteenth Judicial Circuit of Kane County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.

**I.      The State Court Action**

1.      On February 15, 2017, Plaintiffs Chris Petri, Yi Lu Lu, Keith Petri, Lisa Petri, and Keith Kotche filed a lawsuit against Defendants GeaCom, Johnson, and Romano in the Circuit Court of the Sixteenth Judicial Circuit of Kane County, Illinois, styled as *Petri et al. v. GeaCom, Inc. et al.*, Case No. 17-L-72 ("State Court Action").  A true and accurate copy of Plaintiffs' Complaint is attached as Exhibit A-1.[1]

2.      Generally, Plaintiffs allege that they made a series of investments in GeaCom totaling over $3.5 million based on false representations made by Defendants.  Plaintiffs assert six causes of action arising from this central allegation: (1) breach of subscription agreement; (2)

---

[1] Pursuant to 28 U.S.C. § 1446(a), a copy of all summons, process, pleadings, and orders served upon Defendants in the State Court Action is attached as Group Exhibit A.

breach of fiduciary duty in prejudicial treatment; (3) breach of fiduciary duty in fraudulent inducement; (4) fraudulent inducement; (5) embezzlement & waste of corporate assets; and (6) fraud under the Securities Exchange Act of 1934.

3. GeaCom, Johnson, and Romano were each served with Plaintiffs' Complaint on March 6, 2017. This service represented the first time Defendants received a copy of Plaintiffs' Complaint.

4. All Defendants join in the instant notice of removal.

5. For the following reasons, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441. First, there is federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Count VI of Plaintiffs' Complaint asserts a claim under the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* The Court has supplemental jurisdiction under 28 U.S.C. § 1367 of Plaintiffs' remaining claims.

6. This case is properly removed to this Court pursuant to 28 U.S.C. § 1441 for an independent reason: there is diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiffs (all citizens of Illinois) and Defendants (all citizens of Minnesota), and the amount in controversy for each Plaintiff exceeds $75,000, exclusive of interest and costs.

**II.     The Procedural Requirements for Removal Are Satisfied**

7. GeaCom, Johnson, and Romano were each served with Plaintiffs' Complaint on March 6, 2017. This service represented the first time Defendants received a copy of Plaintiffs' Complaint. Therefore, the instant notice of removal is timely pursuant to 28 U.S.C. § 1446(b).

8. Pursuant to 28 U.S.C. § 1446(a), a copy of all summons, process, pleadings, and orders served upon Defendants in the State Court Action is attached as Group Exhibit A.

9. All Defendants join in the instant notice of removal, and therefore 28 U.S.C. § 1446(b)(2)(A) is satisfied.

10. This Court embraces the locality in which the State Court Action is now pending, making this Court a proper forum pursuant to 28 U.S.C. § 1441(a).

11. No previous application has been made for the relief requested herein.

12. Pursuant to 28 U.S.C. § 1446(d), a copy of the instant notice of removal is being served on Plaintiffs, and a copy is being filed with the clerk of the Circuit Court of the Sixteenth Judicial Circuit of Kane County, Illinois.

13. If any question arises regarding the propriety of the removal of this action, Defendants GeaCom, Inc., Mat Johnson, and Ralph Romano respectfully request the opportunity to present a brief and/or oral argument in support of their position that this case is removable.

### III. Removal Is Proper Because the Court Has Federal Question Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1331 and 1441

14. There is federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Count VI of Plaintiffs' Complaint asserts a claim under the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* The Court has supplemental jurisdiction under 28 U.S.C. § 1367 of Plaintiffs' remaining claims.

15. Specifically, Count VI of Plaintiffs' Complaint asserts a claim for "Securities Act Fraud," for which it alleges the following in support:

> All these public and private statements made to Plaintiffs Contained material misrepresentation and omission, and they were the Defendants' devices to defraud the Plaintiffs and potential interstate investors in violation of Rule 10b-5 of the Exchange Act of 1934. As the truth reveals itself, none of the so-called pending sales were ever realized.
>
> (Exhibit A-1, Count VI, ¶ 5.)

16. 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, arises under the laws of the United States because it was an act passed by the United States Congress.

17. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 of Plaintiffs' remaining claims, but, even if not, the entire action is nonetheless removable consistent with 28 U.S.C. § 1441(c)(1)(B).

### IV. Removal Is Proper Because the Court Has Diversity of Citizenship Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441

18. There is also diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiffs (all citizens of Illinois) and Defendants (all citizens of Minnesota), and the amount in controversy for each Plaintiff exceeds $75,000, exclusive of interest and costs.

#### A. There Is Complete Diversity of Citizenship Between Plaintiffs and Defendants.

19. Plaintiffs are all citizens of Illinois. (Exhibit A-1, Facts Common to All Counts, ¶¶ 1-5.)

20. Defendant GeaCom, Inc. is a citizen of Minnesota, because it has been incorporated in Minnesota, and its principal place of business is Minnesota.

21. Therefore, complete diversity of citizenship exists because no single plaintiff shares the citizenship of a single defendant.

#### B. The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.

22. Plaintiffs allege that they have suffered damages in the amount of at least $3,582,505. (Exhibit A-1, Counts II-VI.)

23. Each individual Plaintiff alleges that he or she suffered damages in the amount that exceeds $75,000. (Exhibit A-1, Facts Common to All Counts, ¶¶ 15-16.)

For the foregoing reasons, Defendants GeaCom, Inc., Mat Johnson, and Ralph Romano (incorrectly named as "Ralph Ramano"), hereby remove this civil action from the Circuit Court of the Sixteenth Judicial Circuit of Kane County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.

Respectfully submitted,

By: /s/ J. Hayes Ryan
Attorney for Defendants

J. Hayes Ryan (#6274197)
Brian M. Roth (#6313866)
Gordon Rees Scully Mansukhani, LLP
One North Franklin Street, Suite 800
Chicago, Illinois 60606
(312) 565-1400
hayesryan@grsm.com
broth@grsm.com
*Attorneys for Defendants*

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

    I hereby certify that on April 4, 2017, my office electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and sent a copy of the foregoing document via first class mail, postage prepaid, addressed to:

Burton A. Brown<br>
Law Offices of Burton A. Brown<br>
161 North Clark Street<br>
Suite 1600<br>
Chicago, Illinois 60601

                                                 By:  /s/ J. Hayes Ryan
                                                               Attorney for Defendants

J. Hayes Ryan
Brian M. Roth
Gordon Rees Scully Mansukhani, LLP
One North Franklin Street
Suite 800
Chicago, Illinois 60606
(312) 565-1400
hayesryan@grsm.com
broth@grsm.com
*Attorneys for Defendants*