**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

CHRIS PETRI, YI LU LU, KEITH PETRI, )
LISA PETRI, and KEITH KOTCHE )
    Plaintiff  )
v.       )  Case No. 1:17-cv-02579
       )
GEACOM, INC., a Minnesota Corporation, )
and MAT JOHNSON, individually and as the )
President and CEO of GEACOM, and )
RALPH RAMANO, individually and as CFO )
and director of GEACOM.  )
    Defendant  )

**AMENDED COMPLAINT**

   NOW COMES Plaintiff Chris Petri, Yi Lu lu, Keith Petri, Lisa Petri, and Keith Kotche

(collectively, "Plaintiffs") by and through its attorney, LAW OFFICES OF BURTON A.

BROWN, and complain against Defendant GeaCom, Mat Johnson, and Ralph Romano

(Collectively, "Defendants") as follows:

**FACTS COMMON TO ALL COUNTS**

1. Plaintiff Chris Petri is a senior citizen and resident of Kane County, IL, and a minority

  shareholder of GeaCom.

2. Plaintiff Yi Lu Lu is a citizen and resident of Kane County, IL, and a minority

  shareholder of GeaCom.

3. Plaintiff Keith Petri is a citizen and resident of Kane County, IL, and a minority

  shareholder of GeaCom.

4. Plaintiff Lisa Petri is a citizen and resident of Colorado, IL, and a minority shareholder of

  GeaCom.

5. Plaintiff Keith Kotche is a citizen and resident of Kane County Illinois, and a minority shareholder of GeaCom.

6. Defendant GeaCom, Inc. ("GeaCom") is a Minnesota corporation with its principle place of business in 394 South Lake Avenue, Duluth, Minnesota.

7. Defendant Mat Johnson is the President, Chief Executive Officer, director, and the controlling shareholder of GeaCom.

8. Defendant Ralph Romano is the Chief Financial Officer, director of GeaCom.

9. Plaintiff Chris Petri first made the acquaintance of Defendant Mat Johnson through a contract to supply GeaCom's LCD screens.

10. On early 2011, Defendant Mat Johnson approached Plaintiff Chris Petri promoting investment opportunity in GeaCom.

11. Defendant Mat Johnson stated GeaCom's pending sales and affirmative possibilities of incoming orders to induce Plaintiffs' investment before and after their initial equity investment in GeaCom.

12. Plaintiffs also found numerous pubic interview articles on the internet about Defendant Mat Johnson and GeaCom.

13. In his numerous public statements made in 2010, Defendant Mat Johnson affirmatively "*expects to produce 4,000 and 6,000 units per month for the first year beginning this fall and increasing based on demand.*" With the price of "$10,000," such projection is equivalent to annual sales of $400,000,000 to $600,000,000. (see more details of Defendant Mat Johnson's public statements in Count III below).

14. Relying on the presentation and the interview articles found online, Plaintiff Chris Petri, Yi Lu Lu, Keith Petri, and Lisa Petri made their first equity investment in GeaCom and became the shareholders in February 2011.

15. Throughout 2011-2016, relying on Defendant Mat Johnson's recurring sales projections, statement of pending contracts, and public statements about the future of GeaCom, Plaintiffs continued to inject investment into GeaCom (see attached Exhibit A-1):

   A. Feb 28, 2011: Plaintiff Chris Petri invested $180,000 for 24,000 shares at $7.5 per unit.

   B. Feb 28, 2011: Plaintiff Keith Petri invested $180,000 for 24,000 shares at $7.5 per unit.

   C. Feb 28, 2011: Plaintiff Lisa Petri invested $180,000 for 24,000 shares at $7.5 per unit.

   D. April 23, 2012: Plaintiff Chris Petri invested $175,005 for 23,334 shares at $7.5 per unit.

   E. November 13, 2012: Plaintiff Chris Petri invested $ 567,500 for 113,500 shares at $5 per unit.

   F. August 16, 2013: Plaintiff Chris Petri invested $215,000 for 43,000 shares at $5 per unit.

   G. Sept 27, 2013: Plaintiff Chris Petri invested $165,000 for 33,000 shares at $5 per unit.

   H. Sept 27, 2013: Plaintiff Yi Lu Lu invested $165,000 for 33,000 shares at $5 per unit.

    I.   Jan 27, 2014: Plaintiff Chris Petri invested $215,000 for 43,000 shares at $5 per unit.

    j.   September, 2014: Plaintiff Keith Kotche invested $740,000 in GeaCom at $10 a share.

16. In 2013 and 2014, Plaintiff Chris Petri also made loans in the aggregate amount of $400,000 to help GeaCom's short term financial viability.

    A.  August 16, 2013: $100,000

    B.  June 13, 2013: $100,000

    C.  October 23, 2014: $100,000.

    D.  In 2014: $100,000

17. On February 1, 2015, the $400,000 loan was converted to 80,000 shares at $5 per unit (see attached Exhibit A-2).

18. In aggregate, Defendant Mat Johnson induced the Plaintiffs to purchase more than $3,582,505 in GeaCom stock.

19. In 2016, Plaintiffs requested disclosure on the company's financial and sales status, but only got very limited responses and no full disclosure.

20. From the basic financial statements, Plaintiffs were shocked by the reported average annual sales of $15,000 a year, or equivalent to the sales of 1.5 devices a year. Plaintiffs also found that 100% of the pending sales and contracts affirmatively stated by Johnson were suspiciously never realized, especially with an average $2,000,000 annual expense. (see attached Exhibit B-1).

21. Defendant Mat Johnson and Ralph Romano refused to disclose material information about the details of all the anticipated, but never realized sales.

22. Realizing that the statements regarding sales and contracts were phantoms to induce Plaintiffs to purchase GeaCom stock, to protect their prejudiced minority shareholder's rights, and to protect other potential investors from this fraud, the Plaintiffs now bring this complaint to this Court.

## AMENDED COUNT I – BREACH OF SUBSCRIPTION AGREEMENT – GEACOM, MAT JOHNSON

23. The Plaintiffs restate and realleged paragraph one (1) through twenty-two (22) of Facts inclusive as if set out verbatim.

24. GeaCom and Mat Johnson as President entered into a Subscription Agreement with the Plaintiffs and so is named as a Defendants for Count I.

25. Matt Johnson used the GeaCom corporation to perpetrate his fraudulent conduct and so is named as a Defendant in Count I.

26. Upon negotiation and mutual consent, the Plaintiff shareholders Chris Petri, Keith Petri, and Lisa Petri entered a Subscription Agreement (attached in Exhibit C-1 of this Complaint) with the Defendant company GeaCom on February 28, 2011, which specified:

> "... so long as the Subscribers hold, in the aggregate, at least 50,000 shares of Common Stock, the Company covenants that, if the Company proposes to offer or sell any New Securities, the Company shall give [Offer Notice] to each Subscriber .... By notification to the Company within fifteen days after the Offer Notice is given, any Subscriber may elect to purchase or otherwise acquire, ...."

27. The Plaintiff Chris Petri, Keith Petri, and Lisa Petri purchased 72,000 shares and delivered in the amount of $540,000 upon the execution of the Subscription Agreement on February 28, 2011.

28. Defendant company GeaCom has issued stocks for more than $800,000 between October 2015 and August 2016 (see changes of common stock equity in attached Exhibit B-2).

29. Plaintiff shareholders were never notified with such stock issuance in violation; the Defendants breached the Subscription Agreement.

30. In its clarification, the Defendant CFO Ralph Romano declined Plaintiffs shareholders' rights of notification (attached in Exhibit D-1 of this Complaint) relying on the Key Investor Agreement (attached in Exhibit C-2 of this Complaint) between the Defendant GeaCom, Mat Johnson, and Plaintiff shareholder Chris Petri entered on Feb 1, 2015.

31. Despite the 2015 Key Investor Agreement's Right of Refusal clause contains more specificity on anti-dilution protection, it does not conflict with the Plaintiff shareholders' rights of notification as in the 2011 Subscription Agreement.

32. Moreover, the parties signed the 2015 Key Investor Agreement were different from the Parties that signed the 2011 Subscription Agreement so that the 2015 Key Investor Agreement does not void the 2011 Subscription Agreement as Defendant CFO Ralph Romano claimed.

33. Defendants Mat Johnson and Geacom therefore breached the Subscription Agreement, and Plaintiff shareholders suffered damage for the dilution of share values because of lack of notification for Plaintiff shareholders to adjust their holding positions.

34. On his continuous sales pitches to Plaintiffs, Mat Johnson made the following false representations about the investment opportunity to induce Plaintiffs' investment in GeaCom (original messages attached in Exhibit E-2 of this Complaint):

   a. March 2012: backblock of people wanting to invest in GeaCom. Early sales are underway.

   b. March 2012: thousands of orders from Essentia, QHR, Health Partners, University of Minnesota.

   c. 2013: Landed a deal with a health Care Provider.

   d. 2014: Health Department of Minnesota had dedicated money for purchase of Phrazer.

   e. 2014: Homeland Security indicated orders are coming. Saint Lukes said Phrazer is a must buy. Area Ambulance will finalize the order.

   f. 2014: Extremely large deal in Toronto, but we are GO.

   g. 2014: Super busy tremendous progress.

   h. 2014: Very aggressive, big investment opportunity.

   i. 2015: Kreindler pounding at the door. Running out of inventory, need to order more.

   j. 2015: Graham partners considering acquiring GeaCom for hundreds of millions.

   k. 2015: University of MN has 5 and over 1000 unit potential; United Partners will go way over 3000 units; Essentia has 3000+ potential; Baylor scheduled first dozen by May; Garberville has 3 units will go to 50; St.Alphonsus has expansion potential around 250 units; CentraCare has placed an order; North probably with 500+ units.

l.  2015: Adams and Barclays 100% in. Booked the business, EPIC EMRs are backlogged production run is underway.

m.  2015: GeaCom is working on filling a several dozen of patents, we have 100m+ revenue opportunity.

n.  2016: prior to NDA execution, we will seek over $300M.

35.  At the time Mat Johnson made these statements, he knew that no contracts, negotiations, sales, or backlog of investors existed. The false representations about the status of current negotiations with companies to sell the units were made in an effort to induce the Plaintiffs into funneling more money into Geacom.

36.  In the years 2013 through 2016, annual expenses of Geacom ranged from $1,800,000 to $1,950,000; however, annual sales for the period were less than $30,000. At $10,000 per unit, this is less than three units sold per year.

37.  As president and controlling shareholder, Mat Johnson had complete control over Geacom funds.

38.  Upon information and belief, Defendant Mat Johnson used the GeaCom corporation as a façade; Mat Johnson would attract unknowing victims to "invest" large amounts of money into the corporation; he would then use his status as majority stockholder to siphon funds from the corporation.

39.  Mat Johnson was not acting as an officer of the Geacom corporation when he solicited the Plaintiffs to sign the Subscription Agreements and invest funds in Geacom.


WHEREFORE, the Plaintiffs Chris Petri, Keith Petri, and Lisa Petri, prays this court enter an order awarding damages to recover the investment induced by the Defendants' false statements

regarding pending contracts in the amount of $540,000 plus court costs against Defendant GeaCom and Mat Johnson.

## COUNT II – BREACH OF FIDUCIARY DUTIES IN PREJUDICIAL TREATMENT TO PLAINTIFF SHAREHOLDERS

40. The Plaintiffs restate and realleged paragraph one (1) through thirty-nine (39) of Facts inclusive as paragraph one (1) through twenty-two (22) of Count II as if set out verbatim.

41. Defendant Mat Johnson and Ralph Romano are directors and officers of GeaCom, they owe fiduciary duties to Plaintiff shareholders.

42. Mat Johnson is the controlling shareholder of GeaCom, and the board of GeaCom is not disinterested.

43. After several years' good faith in the Defendant company GeaCom's management team, Plaintiff shareholders had no choice but to be concerned about the operation and the validity of statements shared by the Defendants.

44. Plaintiff shareholders had sought access to material information on the lost sales, but the rights of disclosure were declined by Defendant Ralph Romano, wrote in his email dated Aug 19, 2016 (attached in Exhibit D-2 of this Complaint):

> "*As a shareholder of roughly 10-15% your rights are yearly financials and shareholder meetings. You have received yearly financials and we have had a shareholder meeting every year and you have been invited. **Anything else is above and beyond.**"*

45. Ever since Plaintiff shareholders became minority owners of the GeaCom in 2011, no shareholder meeting invitations were ever received by the Plaintiff shareholders. Since

Defendant Ralph Romano's employment in GeaCom in 2013 May (public record in LinkedIn, attached in Exhibit D-3 of this Complaint), no shareholder meeting invitations were ever received by Plaintiff shareholders.

46. Defendant CFO Ralph Romano had indicated in response for Plaintiff's request for information in his email dated Aug 19, 2016 (attached in Exhibit D-2 of this Complaint):

> *"By asking us for special information you are just distracting us from our efforts, so that information will stop."*

47. Defendant CEO Johnson had further commented in his email to the Plaintiff shareholders:

> *"In my opinion you spend too much time scrutinizing for nefarious intent and sources of leverage (neither of which exist) and this is undermining the potential. ... Lately, information provided to your group has not yielded as much benefit to the mission but 100% challenges."* Dated on Oct 22, 2015 (attached in Exhibit D-4 of this Complaint).

> *"Fear and doubt are a coward's path. ... If you want to take more unqualified pot shots and debate points that aren't real; you'll have to wait for my responses as I am too busy doing my duty to be prompt in reply to fruitless interactions."* Dated on March 12, 2016 (attached in Exhibit D-5 of this Complaint).

48. The decision to not disclose requested material information to Plaintiffs, representing the second largest interest group, should not be motivated by Defendant Mat Johnson and Ralph Romano's self-interest.

49. With reported $40,000 annual fees (see attached Exhibit B-1) spent in accounting/attorney, Defendant Mat Johnson and Ralph Romano dictated the amount of

information available to shareholders and their refusal to disclose information requested by Plaintiffs was a result of bad faith, oppressive or fraudulent abuse of discretion, which breached the duty of care and loyalty owed to the Plaintiffs.

50. As Directors of GeaCom, Defendant Mat Johnson and Ralph Romano failed to act with due care, good faith and loyalty to the best interests of minority shareholders.

51. By spending much of their time in making false statements to cover up the Ponzi scheme to defraud Plaintiff shareholders, the Defendant Mat Johnson and Ralph Romano also failed to reasonably develop the business, and therefore failed the duty of ordinary care owed to the shareholders. Moreover, the failure to exercise ordinary business care was evidenced by:

   a. No shareholder meeting invitations were ever sent to the Plaintiff shareholders.

   b. No detailed financial reports were ever prepared as requested by the shareholders.

   c. No production action beyond talks.

52. Pursuant to Minn.Stat. §§ 320A.751, subd. 1(b)(3), Plaintiff shareholders suffered harm from Defendant CEO Mat Johnson and CFO Ralph Romano's breach of fiduciary duty to disclose requested material information, and unfairly prejudicial treatment to the Plaintiff shareholders' request for material information.

53. Plaintiffs suffered feelings of mental distress and anxiety, stress and depression for their exploited minority shareholder's rights. Plaintiffs also suffered damage from lost investment opportunities because they were not able to timely adjust their investment positions.

   **WHEREFORE**, the Plaintiff Chris Petri, Yi Lu lu, Keith Petri, Lisa Petri, and Keith Kotche prays this court enter an order awarding damages to recover the investment induced by

the Defendant's false statements regarding pending sales in the amount of $3,582,505 plus court costs against Defendant GeaCom, Mat Johnson, and Ralph Romano.

## COUNT III – BREACH OF FIDUCIARY DUTIES IN FRADULENT INDUCMENT

54. The Plaintiffs restate and reallege paragraphs one (1) through fifty-three (53) of Facts inclusive in this Complaint as if set out verbatim.

55. Defendant Mat Johnson and Ralph Romano used affirmative statement regarding pending sales to fraudulently induce Plaintiff shareholders to inject equity investment in GeaCom without disclosing any material risks where no real orders were received.

56. Throughout all facsimiles to Plaintiff shareholders, only positive projections were discussed and no risks were ever disclosed.

57. In September 2014, Johnson made a sales presentation to Plaintiff Keith Kotche and Chris Petri to invest in GeaCom. In his sales presentation (see attached Exhibit E-1), the following PowerPoint were presented:

   *"Low-end target valuation for the company that we will attempt to attain in as short as **3 months and more likely within 6 months** by performing on the activities [Barclays] suggests for reducing risk and hitting or exceeding the roughly ½ **billion estimate.**"*

58. Relying on the presentation, Kotche invested $740,000 in GeaCom at $10 a share.

59. Only after the investment, Plaintiffs then realized there were no associated risks mentioned in the sales pitch.

60. On his continuous sales pitches to Plaintiffs, the Defendant CEO Johnson made the following false representations about the investment opportunity to induce Plaintiffs' investment in GeaCom (original messages attached in Exhibit E-2 of this Complaint):

    a. March 2012: backblock of people wanting to invest in GeaCom. Early sales are underway.

    b. March 2012: thousands of orders from Essentia, QHR, Health Partners, University of Minnesota.

    c. 2013: Landed a deal with a health Care Provider.

    d. 2014: Health Department of Minnesota had dedicated money for purchase of Phrazer.

    e. 2014: Homeland Security indicated orders are coming. Saint Lukes said Phrazer is a must buy. Area Ambulance will finalize the order.

    f. 2014: Extremely large deal in Toronto, but we are GO.

    g. 2014: Super busy tremendous progress.

    h. 2014: Very aggressive, big investment opportunity.

    i. 2015: Kreindler pounding at the door. Running out of inventory, need to order more.

    j. 2015: Graham partners considering Acquire GeaCom for hundreds of millions.

    k. 2015: University of MN has 5 and over 1000 unit potential; United Partners will go way over 3000 units; Essentia has 3000+ potential; Baylor scheduled first dozen by May; Garberville has 3 units will go to 50; St.Alphonsus has expansion potential around 250 units; CentraCare has placed an order; North probably with 500+ units.

l.  2015: Adams and Barclays 100% in. Booked the business, EPIC EMRs are backlogged production run is underway.

m.  2015: GeaCom is working on filling a several dozen of patents, we have 100m+ revenue opportunity.

n.  2016: prior to NDA execution, we will seek over $300M.

61. Concerning potential risks, Johnson further commented:

> "*Fear and doubt are a coward's path. ... If you want to take more unqualified pot shots and debate points that aren't real; you'll have to wait for my responses as I am too busy doing my duty to be prompt in reply to fruitless interactions.*" Dated on March 12, 2016 (attached in Exhibit D-5 of this Complaint).

62. The Defendant Mat Johnson and Ralph Romano's non-disclosure of material of information breached their fiduciary duties of loyalty and thereby fraudulently induced Plaintiffs' continuous investments in GeaCom.

63. As Directors of GeaCom, Defendant Mat Johnson and Ralph Romano failed to act with due care, good faith and loyalty to the best interests of minority shareholders.

64. Defendant Mat Johnson and Ralph Romano breached the fiduciary duty to disclose relevant risks in their fraudulent inducement of Plaintiffs' investment in GeaCom.

65. As a result of the Defendant Mat Johnson and Ralph Romano's breach of fiduciary duty, Plaintiff shareholders suffered from misinformed investment and loss of investment opportunities otherwise available.

**WHEREFORE**, the Plaintiff Chris Petri, Yi Lu lu, Keith Petri, Lisa Petri, and Keith Kotche prays this court enter an order awarding damages to recover the investment induced by

the Defendant's false statement regarding pending sales in the amount of $3,582,505 plus court costs against Defendant GeaCom, Mat Johnson, and Ralph Romano.

## <u>COUNT IV – FRAUDULENT INDUCEMENT – MAT JOHNSON, GEACOM</u>

66. The Plaintiffs restate and realleged paragraph one (1) through sixty-five (65) as if set out verbatim.

67. The Defendant Mat Johnson approached the Plaintiffs offering to sell shares of Geacom stock. The Plaintiffs accepted the offer and purchased varying amounts of stock from 2011 to 2014; Plaintiffs Keith Petri, Chris Petri, and Lisa Petri also entered into written Subscription Agreements with Geacom and Mat Johnson.

68. Plaintiff Chris Petri agreed to convert the $400,000 loan he gave to Geacom to 80,000 shares of Geacom stock on February 1, 2015.

69. On his sales pitches to Plaintiffs, the Defendant Mat Johnson made the following false representations via email about Geacom's current situation and dealings that had occurred between GeaCom and buyers of the Phrazer unit. (original messages attached in Exhibit E-2 of this Complaint):

    a. March 2012: backblock of people wanting to invest in GeaCom. Early sales are underway.

    b. 2013: Landed a deal with a health Care Provider.

    c. 2014: Landed a major deal in Toronto; larger than expected.

    d. 2014: Health Department of Minnesota had dedicated money for purchase of Phrazer.

     e.  2014: Homeland Security stated orders are coming. Area Ambulance will finalize the order.

     f.  Northpoint Healthcare requested 24 units.

     g.  2015: Running out of inventory, need to order more.

     h.  2015: Graham partners considering acquiring GeaCom for hundreds of millions.

     i.  2015: University of MN has 5; Baylor scheduled first dozen by May; Garberville has 3 units; CentraCare has placed an order;

     j.  2015: Adams and Barclays 100% in. Booked the business, EPIC EMRs are backlogged production run is underway.

70. Upon information and belief, Mat Johnson knew all the statements he made in the preceding Paragraph were false.

71. To further induce Plaintiffs and other potential buyers, Defendant Mat Johnson made numerous false public statements regarding the current status and customers of GeaCom. The following is an exemplary list of public statements made by the Defendant (attached in Exhibit G of this Complaint):

     a.  Article published on *Duluth News Tribune* dated April 11, 2011, which reports an interview with Defendant CEO Mat Johnson. At time of the report, Defendant Mat Johnson stated that GeaCom had "***orders***" to fill by June, and that GeaCom already had "*around 60*" jobs created.

     b.  Article published on *Tech.MN* dated April 28, 2011, which reports an interview with Defendant CEO Johnson. According to Defendant Mat Johnson, "[*GeaCom*] *has 60 employees.*" (interview available online at:

*http://tech.mn/news/2011/04/28/catching-up-with-2010-minnesota-cup-high-tech-winner-geacom-video/* )

c. Article published on *Tech.MN* dated Oct 4, 2011, which reports an interview with Defendant CEO Mat Johnson. According to Defendant Mat Johnson, "*GeaCom's customers are primarily military hospitals, but some insurance companies are purchasing the device....*" (Exhibit F-6).

d. Article published on *Minnesota Business Magazine* dated February, 2013, which reports an interview with Defendant CEO Mat Johnson. According to Defendant Mat Johnson, "*GeaCom has landed a deal with a major health care provider as well as with a network carrier.*"

72. Upon information and belief, the statements that Mat Johnson made to the public in the preceding Paragraph were knowingly false.

73. Upon information and belief Defendant Matt Johnson made these false statements in order to induce the Plaintiffs into entering into Subscription Agreements and purchasing GeaCom stock.

74. Relying on the false statements made by the Defendant Mat Johnson through 2011-2015, Plaintiffs purchased Geacom stock and entered into Subscription Agreements.

75. Had Mat Johnson not made fraudulent statements about Geacom's current situation and sales, the Plaintiffs would not have accepted his offer to purchase GeaCom stock and/or enter into Subscription Agreements.

76. Defendant Mat Johnson offered a valid investment opportunity by means of selling the Plaintiffs stock in a legitimate company and the Plaintiffs accepted and paid consideration in the amount of $3,582,505 for the stock. However, Defendant Mat

Johnson did not provide what he offered and lied to the Plaintiffs about Geacom's current status.

77. The Plaintiff shareholders suffered pecuniary damages as they made their decision to purchase stock and enter into Subscription Agreements based on false information. They also suffered loss of investment opportunities that otherwise would be available.

**WHEREFORE**, the Plaintiff Chris Petri, Yi Lu lu, Keith Petri, Lisa Petri, and Keith Kotche prays this court enter an order awarding damages in the amount of $3,582,505 plus court costs against Defendants GeaCom, and Mat Johnson.

Respectfully Submitted,

Attorney for the Plaintiffs
Burton A. Brown

Burton A. Brown
Law Offices of Burton A. Brown
161 N. Clark St.
Suite1600
Chicago, IL 60601
Phone: (312) 236-5582
Attorney No.:0312045